This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-34537**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**OFFICE OF THE PUBLIC DEFENDER
ON BEHALF OF NATHANIEL
YAZZIE, DECEASED,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Steven H. Johnston, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### DECISION

**HANISEE, Chief Judge.**

**{1}** This appeal is before this Court following our Supreme Court's Order denying this Court's order transferring the "motion to abate or appoint substitute party" following the death of Defendant Nathaniel Yazzie. This Court issued its order to transfer abatement while Defendant's case was on remand in this Court pursuant to the directive from our Supreme Court in *State v. Yazzie*, 2019-NMSC-008, ¶ 52, 437 P.3d 182. In *Yazzie*, our Supreme Court held that Defendant's motion to suppress evidence arising from a

search conducted under the emergency assistance doctrine was properly denied by the district court, and in doing so reversed this Court. *Id.* ¶¶ 1-2, *rev'g*, *State v. Yazzie*, No. 34,537, mem. op. (N.M. Ct. App. May 11, 2017). Our Supreme Court further directed us to address any of Defendant's remaining arguments. *Id.* ¶ 52. Determining that the sole issue before us is governed by Defendant's plea agreement, we affirm.

**DISCUSSION**

**{2}** Defendant challenged the validity of his no contest plea asserting that "attempted negligently permitting child abuse is a non[-]existent crime," and argued that because it is a non-existent crime, his plea is invalid.

**{3}** At the outset, we initially observe that although Article VI, Section 2 of the New Mexico Constitution provides that "an aggrieved party shall have an absolute right to one appeal," "a plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal." *State v. Chavarria*, 2009-NMSC-020, ¶ 9, 146 N.M. 251, 208 P.3d 896 (internal quotation marks and citation omitted). "Thus, a voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds." *Id.* (internal quotation marks and citation omitted).

**{4}** In the present case, Defendant's plea agreement provides:

> Unless this plea is rejected or withdrawn, [D]efendant gives up any and all motions, defenses, objections or requests which [D]efendant has made or raised, or could assert hereafter, to the court's entry of judgment and imposition of a sentence consistent with this agreement. [D]efendant reserves the right to appeal the conviction that results from the entry of this plea agreement. [D]efendant may appeal the denial of his motion to suppress and if successful on appeal, may withdraw his guilty plea.

The second and third sentences quoted above were interlineated and initialed by the parties during the plea hearing. In reviewing the terms of a plea agreement, the "task [of the appellate court] is to construe [the] terms according to what a defendant reasonably understood when he entered the plea." *State v. Gomez*, 2011-NMCA-120, ¶ 9, 267 P.3d 831. "A provision of a plea agreement waiving the right to appeal is binding on the parties to the same extent that any contractual provision binds the parties to a particular term of a contract." *State v. Rudy B.*, 2010-NMSC-045, ¶ 13, 149 N.M. 22, 243 P.3d 726.

**{5}** Although, standing alone, the second sentence of the above referenced section of Defendant's plea agreement would broadly preserve a right to appeal his conviction, the third sentence of this section limits the scope of such appeal. Through his plea agreement, and jointly considering the two sentences at issue, Defendant expressly

reserved only the right to appeal his motion to suppress, and if successful on that appeal, the plea agreement permits Defendant to withdraw his guilty plea. In construing the terms of this plea agreement according to what Defendant "reasonably understood when he entered the plea," *see Gomez*, 2011-NMCA-120, ¶ 9, we conclude that Defendant was aware that under the terms of his plea agreement, the scope of his appeal was limited to challenging the district court's denial of his motion to suppress. During the hearing on his plea agreement, in response to the district court, Defendant explained that he understood that he was "reserving [his] right to appeal the denial of [his] motion to suppress." Our interpretation is further consistent with that set forth in Defendant's brief in chief, in which he explains that he "entered into a conditional plea . . . and reserved the right to appeal the denial of his [m]otion to [s]uppress." Given our Supreme Court's holding in *Yazzie*, 2019-NMSC-008, in which our Supreme Court affirmed the district court's denial of Defendant's motion to suppress, Defendant is unsuccessful on the merits of his appeal. Therefore, we conclude that the terms of Defendant's plea agreement bar this Court from considering any remaining challenge to the underlying offense to which Defendant pled no contest.

**CONCLUSION**

**{6}**     We affirm.

**{7}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KATHERINE A. WRAY, Judge**